# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| Bank of America, N.A., | ) | Civil Action No. 2:19-1723-RMG |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER AND OPINION** |
| Simone Lambright; The United States of America acting by and its agency, the Department of Housing and Urban Development, | ) | |
| Defendants. | ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 15) recommending that this Court remand this case to state court for lack of subject matter jurisdiction. For the reasons set forth below, this Court adopts the R & R as the order of the Court and the action is remanded to state court for further proceedings.

**I.** **Background**

On June 10, 2019, *pro se* Defendant Simone Lambright, filed a notice of removal for Civil Action No. 2018-CP-10-08599 (a state court mortgage foreclosure action) from the Court of Common Pleas of Berkeley County, South Carolina. The other defendants in the state foreclosure action, The United States of America acting through the Department of Housing and Urban Development, did not join in the notice of removal. Plaintiff moved to remand the case on July 8, 2019. (Dkt. No. 6.) Defendant Lambright has not filed any response to the motion. On August 8, 2019, the Magistrate Judge issued an R & R recommending that the case be remanded based on a lack of federal or diversity jurisdiction. (Dkt. No. 15.) No party filed objections.

## II. Legal Standard

### A. *Pro Se* Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### B. Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court must make a *de novo* determination of those portions of the R & R to which a plaintiff specifically objects. Fed. R. Civ. P. 72(b)(2). Where a plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Plaintiff did not file objections, and the R & R is reviewed for clear error.

## III. Discussion

The Court does not have federal jurisdiction over the causes of action in Plaintiff's complaint, which asserts state law claims for the foreclosure of mortgages. Instead, to the extent Defendant Lambright may attempt to assert a defense or counterclaim under federal law, it is well settled that federal jurisdiction cannot rely on potential defenses and counterclaims under the

Constitution or laws of the United States. *See Vaden v. Discover Bank*, 556 U.S. 49, 60, 129 S. Ct. 1262, 1272 (2009) ("Federal jurisdiction cannot be predicated on an actual or anticipated defense.... Nor can federal jurisdiction rest upon an actual or anticipated counterclaim."). This is a state court foreclosure action, and the complaint is solely based on state law. Therefore, this Court lacks federal question jurisdiction. *See Burbage v. Richburg*, 417 F. Supp. 2d 746, 749 (D.S.C. 2006) (no federal jurisdiction where complaint "merely states a cause of action for enforcement of a promissory note and foreclosure of the associated security interest in real property.").

Defendant Lambright further argues that the Court should exert supplemental jurisdiction over these claims. However, as this Court lacks original jurisdiction over these claims, supplemental jurisdiction is inapplicable. *See Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 456 (6th Cir. 1996) ("The supplemental-jurisdiction statute is not a source of original subject-matter jurisdiction...and a removal petition therefore may not base subject-matter jurisdiction on the supplemental-jurisdiction statute....") (citations omitted)

Finally, while Defendant Lambright also claims the case was removed on diversity jurisdiction, the notice of removal was filed on June 10, 2019, more than thirty days after service was effectuated on Marcy 8, 2019, as demonstrated by a certificate of service submitted by Plaintiff. (Dkt. No. 6-6.) Therefore, Lambright did not timely file the notice of removal.[1]

---

[1] *See* 28 U.S.C.A. § 1446(b) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.").

## IV. Conclusion

For the foregoing reasons, the R & R (Dkt. No. 15) is **ADOPTED** as the order of the Court and this matter is **REMANDED** to the Berkeley County Court of Common Please.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

September 9, 2019
Charleston, South Carolina